[Crim. No. 5024.   Second Dist., Div. One.   Oct. 8, 1953.]

THE PEOPLE, Respondent, v. GEORGE LOTREAN, Appellant.

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was convicted by a jury of eight counts of possession of narcotics, in violation of section 11500 of the Health and Safety Code. The jury also found that defendant had suffered imprisonment for conviction of two prior felonies.

Two grounds of appeal are urged: (1) That it was error for the trial court to refuse an instruction offered by defendant; and (2) that it was error to admit testimony as to the value of the narcotics found in defendant's motel room. These will be discussed in order.

The instruction offered and refused reads as follows: "In order for defendant to have in his possession the objects charged in the information, you must be convinced by the evidence and beyond a reasonable doubt that he knowingly had such objects in his possession. The meaning of the word 'possession' includes the exercise of dominion and control over the thing possessed."

The court gave the following instruction:

"Within the meaning of the law, a person is in possession of a narcotic when it is under his dominion and control, and, to his knowledge, either is carried on his person or is in his presence and custody, or, if not on his person or in his presence, the possession thereof is immediate, accessible, and exclusive to him. To constitute possession it is not necessary that the person be the owner of the narcotic in question."

Defendant relies upon *People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433]. In that case our Supreme Court states the rule that knowledge in relation to a defendant's awareness of the presence of narcotics is a basic element of the offense of possession. And in that case a conviction for possession of marijuana was reversed because the trial court withdrew from the jury an instruction that to sustain a conviction the accused should have been aware of his possession of the proscribed narcotic. The instruction withdrawn in that case was the same as the instruction offered and refused in this case.

But in this case the instruction which was given, as quoted above, contains the necessary element of knowledge required by the Gory case.

We turn now to defendant's assertion of error as to

the admission of evidence. This requires a brief statement of the facts.

Two sheriff's officers were waiting for defendant when he returned to his motel room about 9 o'clock one evening. They arrested him at the door and went inside with him. They searched the room and found in a closet a metal tool box. A key on a key ring taken from defendant fitted the lock on the box. Unlocking and opening the box, the officers found eight bottles of eight different kinds of narcotics, dilaudid, pantopon, morphine, codeine, opium, demerol, cocaine and dionin.

Defendant denied that he had ever touched any of the bottles, but his fingerprint was found on one of them. He admitted that he knew narcotics were in the bottles, but he said he was keeping the box for a friend. He would not give the name or address of this person. He said he knew the bottles contained narcotics because out of curiosity he had previously looked inside the box. In answer to further questioning he said, "You have got me. I am dead. What is there to say."

Defendant on the trial testified in his own behalf and said that he was keeping the box for a friend, and that he had no knowledge of its contents until the officers opened it in his presence; that he thought it contained only tools until then.

The district attorney presented evidence in rebuttal that the narcotics in the box were worth $2,500.

This evidence was material for the consideration of the jury, in performing their duty to determine the truth of defendant's testimony; whether it was likely that anyone would leave narcotics of that value with a casual acquaintance. The test of materiality of the People's evidence in a criminal case is whether it tends logically, naturally, or by reasonable inference to establish any fact necessary to the prosecution's case or to overcome any fact asserted as a defense. Authorities to the effect that the value of narcotics has no bearing upon the fact of possession are not pertinent here.

Defendant had a fair and impartial trial. Indeed, the trial judge tempered justice with mercy when he ordered concurrent rather than consecutive sentences on the eight counts of which defendant stands convicted.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.